UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS D'AQUIN | CIVIL ACTION |
| VERSUS | NO: 18-03090 |
| PENSKE TRUCK LEASING CO., L.P. ET AL | SECTION: "G" (4) |

### ORDER

Before the Court is a **Motion for Leave to File Amended Complaint (R. Doc. 21)** filed by the Plaintiff. The motion is not opposed. R. Doc. 21. The motion was heard on the briefs on August 15, 2018.

### I.   Background

This action was originally filed by Thomas D'Aquin in the District Court on March 22, 2018. R. Doc. 1. Liberally construed, the Plaintiff's complaint appears to allege that the Defendants violated his civil rights and the Federal Interstate Commerce Act. Defendants are the truck rental company Penske, Roger Penske, Sr., and several individuals whose relevance to the case was not explained.

Plaintiff alleges that he leased a truck from Defendants, kept it longer than expected, and that the truck was reclaimed by Defendants, along with many of his possessions, which were never returned. R. Doc. 1, p. 2. Neither the Motion before the Court, the original complaint, nor any other filing in this matter by the Plaintiff discusses the details of the confiscation. It is unclear when the confiscation took place, where it took place, or what roles each Defendant played in the confiscation.

In the original complaint, the Plaintiff claims that after the Defendants confiscated the truck, they stole, among other things, $23,500 in cash, two watches, and "[n]umerous pictures"

that each have an alleged value of $5,000. Plaintiff seeks reimbursement for this property, as well as $3,000,000 in additional damages. *Id.*

In the instant motion, Plaintiff seeks leave of the Court to file an amended complaint under Federal Rules of Civil Procedure 15(a) and 19(a). R. Doc. 21. This amended complaint lists eight unknown insurance companies for each of the Defendants. The proposed amended complaint makes no allegation against the unknown insurance companies, and contains no facts regarding Penske truck reclamation. *Id.*

## II.   Standard of Review

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.' " *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... and futility of the amendment.' " *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d

at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id*. (citing *Briggs v. Miss.,* 331 F.3d 499, 508 (5th Cir. 2003)).

### III. Analysis

#### A. Necessary Joinder

Plaintiff seeks to add as Defendants the eight unknown insurance companies for the previously named Defendants pursuant to Fed. R. Civ. P. Rule 19(a), which governs required joinder of parties. The Rule states in relevant part that a "person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party" in two situations. First, the person must be joined if "in that person's absence, the court cannot accord complete relief among existing parties" or a person must be joined if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. Rule 19(a)(1)(A)(B)(i)(ii).

Here, even liberally construed, it is apparent that the Plaintiff has failed to articulate the prima facie case for Rule 19 joinder. There is no statement in the amended complaint or the original complaint that even minimally suggests the necessity of the unknown insurance companies being included in this action. It would be absurd for the Court to find that an unknown party, with no facts corroborating their relationship to the matter, as a necessary party. Therefore, joining these Defendants pursuant to Rule 19 is facially improper.

### B.      Undue Delay, Bad Faith, or Dilatory Motive

The first factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause any undue delay, is in bad faith, or that the movant has some dilatory motive in filing the motion.

The Court notes the Plaintiff here is a *pro se* litigant, and that the Fifth Circuit construes *pro se* litigant's briefs liberally. *Yohey v. Collins*, 985, F.2d 222, 224-25 (5th Cir. 1993). However, this does not excuse the Plaintiff's undue delay in adding the unknown insurance companies. The Fifth Circuit has found in a case also brought by a *pro se* litigant that "[a]lthough the use of a "John Doe" is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." *Green v. Doe*, 2007 WL 4561113 at *3 (5th Cir. 2007) (where the *pro se* litigant's original complaint contained allegations against an unknown corrections officer, with the Fifth Circuit holding that it was proper to amend the complaint to include the officer's identity) (citing *Colle v. Brazos County, Tex.,* 981 F.2d 237, 243, n. 20 (5th Cir. 1993). Unlike the *pro se* litigant in *Green*, Plaintiff has only chosen add these unknown defendants now, five months after the action was first filed. It is unclear why Plaintiff has delayed adding these Defendants, particularly when there has been no stated change in circumstances since March. Therefore, this factor weighs against granting leave to amend.

### C.      Repeated Amendments to Cure Deficiency

The second factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the party has previously filed repeated amendments to cure deficiencies before filing the instant motion. Courts in the Fifth Circuit have found that where a party has been given multiple opportunities to cure a defect, denial of a Rule 15(a) motion is proper. *See, e.g., Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding

4

district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint).

This is the Plaintiff's first attempt to file an amended answer in this matter. As such, it is not being filed as a repeated attempt to cure deficiencies. Therefore, the second factor weighs in favor of amendment.

### D. Undue Prejudice

The third factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause any undue prejudice to the opposing party. The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *In re American International Refinery, Inc.,* 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid), *Mayeaux,* 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively construc[ed] the case anew."). Further, the Fifth Circuit has noted that a defendant is prejudiced if an added claim would require that the defendant, "reopen discovery and prepare a defense for a claim different from the [one]…that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

The vagueness of the Plaintiff's complaint and proposed amendment prevent the Court from being capable of ascertaining whether granting leave to amend would "fundamentally alter[]" this matter. *Mayeaux*, 376 F.3d at 427-28. Simply put, the Court has not been told by Plaintiff the unknown insurance company's relationship to this matter. Therefore, this factor weighs neither in

5

favor of nor against granting leave to amend.

### E. Futility

The fourth factor the court considers when determining whether or not to grant leave to file an amendment pursuant to Rule 15(a) is if the amendment and potential new claims are futile. The Fifth Circuit has held that an amendment is futile "when the justification for the denial is 'readily apparent'" and the "record reflects ample and obvious grounds for denying leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

The Plaintiff contends that Defendants violated the Interstate Commerce Act and the Fourth Amendment. The Interstate Commerce Act of 1887[1] was initially enacted to govern rail carriers' monopolistic practices, and after more than a century of amendments[2] it now governs motor carriers, aviation, pipelines, and multimodal freight transportation. However, Plaintiff does not articulate under which of the numerous provisions of the Interstate Commerce Act and its associated amendments he brings his cause of action.

Plaintiff appears to pursue a direct action against the unknown insurance companies. However, Plaintiff has not alleged even minimal facts to support a direct action against the insurers. The citizenship of the named Defendants is not known, and the proposed amended complaint does not state where the Penske truck was reclaimed. Even liberally construed, the total lack of factual allegations render the amended complaint frivolous. *See Allen v. Gusman*, Civ. Action No. 06-4539, 2007 WL 2407305 (E.D. La. Aug. 20, 2007) (affirming report and recommendation dismissing claim against unidentified insurance company where facts were not alleged, nor allegation regarding connection to circumstances in the original complaint asserted);

---

[1] Pub.L. 49-104.

[2] *See e.g.*; Pub.L. 59-337 (The Hepburn Act); Pub.L. 94-210 (The Railroad Revitalization and Regulatory Reform Act of 1976); Pub.L. 96-448 (The Staggers Rail Act of 1980); Pub.L. 96-296 (Motor Carrier Act of 1980).

*see also Miller v. St. Tammany Parish Jail*, Civ. Action No. 08-4694 "R"(1), 2008 WL 5111146 (E.D. La. Dec. 4, 2008) (*pro se* claim against unidentified insurance carriers dismissed as frivolous).

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Leave to File an Amended Complaint** (R. Doc. 21) is **DENIED.**

New Orleans, Louisiana, this 12th day of September 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**