UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS L. D'AQUIN | CIVIL ACTION |
| VERSUS | NO. 18-3090 |
| PENSKE TRUCK LEASING COMPANY, L.P. ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant Penske Truck Leasing Company L.P.'s motion to dismiss.[1] Because plaintiff's claim is barred by *res judicata*, and because plaintiff fails to state a claim, the Court grants the motion.

### I. BACKGROUND

Plaintiff Thomas L. D'Aquin filed this pro se lawsuit on March 22, 2018 against Penske, and against defendants Brian Hard, Roger Penske, Sr., Marc Athern, Dennis Abruzi, Jeffery Bullard, Ken Coots, and Jonathan Foley, who are current and former executives of Penske.[2] Plaintiff rented a truck from Penske and kept it beyond its return date.[3] Plaintiff alleges that defendants

---

[1] R. Doc. 7.
[2] R. Doc. 1; R. Doc. 7-1 at 1.
[3] R. Doc. 1 at 1 ¶ 1.

helped to illegally seize the rental truck.[4] Defendants then allegedly seized the property in the truck, failed to make an inventory of the property, and then confiscated the property illegally in violation of D'Aquin's Fourth Amendment and Due Process rights.[5] D'Aquin seeks $3 million in damages for the items confiscated, which include $23,000 in cash, a printer, a cabinet, pictures, a racquet stringer, tennis racquets, two watches, and all of plaintiff and his spouse's clothing.[6] On May 24, 2018, defendants filed a motion to dismiss for lack of federal jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[7] In the alternative, defendants move for a more definite statement under Federal Rule of Civil Procedure 12(e).[8] Plaintiff opposes the motion.[9] Defendants also argue that this case should be dismissed on the basis of *res judicata* because plaintiff filed a similar lawsuit in 2016 against Penske.[10]

---

[4] *Id.* at 2 ¶ 3.
[5] *Id.* at 1, 2 ¶¶ 4-6.
[6] *Id.* ¶ 6.
[7] R. Doc. 7.
[8] *Id.* at 2.
[9] R. Doc. 10.
[10] R. Doc. 15 at 2-4.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A court must dismiss under Rule 12(b)(1) when it lacks jurisdiction over the subject matter of the plaintiff's claim. Two possibilities for jurisdiction exist: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (explaining that "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]'"). Diversity jurisdiction exists only when there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed

3

facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

### B. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence

4

of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

### III. DISCUSSION

#### A. Lack of Federal Jurisdiction

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, subject matter jurisdiction must be decided first because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (quoting *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988)).

Plaintiff's complaint alleges "Fourth Amendment issues with Due Process, Federal Interstate Commerce Act Article I of the Constitution."[11] He alleges that defendants carried out an "illegal seizure of the truck" and that defendants "never went through court order nor due process to seize

---

[11] R. Doc. 1 at 1.

5

property."[12] These claims sound in the Fourth Amendment. Because D'Aquin is a *pro se* litigant, the Court construes his complaint liberally. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). The Court therefore finds that plaintiff has sufficiently alleged federal jurisdiction under 28 U.S.C. § 1331 for claims arising under federal law.

Defendants argue that federal jurisdiction does not exist because federal claims must be colorable and non-frivolous to impart federal jurisdiction.[13] But courts do not dismiss claims for lack of jurisdiction merely because a plaintiff is unlikely to prevail on the merits. *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012) ("In recent years, the Supreme Court has cautioned against drive-by jurisdictional rulings, that dismiss a claim for lack of jurisdiction . . . without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim." (internal quotation marks and citations omitted)); *Green v. Ferrell*, 664 F.2d 1292, 1294 (5th Cir. 1982) ("A plaintiff's failure to state a meritorious cause of action does not defeat subject matter jurisdiction."). Defendants do not put forth evidence indicating that

---

[12] *Id.* at 2 ¶¶ 3-4.
[13] R. Doc. 7-1 at 9.

plaintiff's claims are so frivolous as to preclude federal jurisdiction. Thus, the Court has subject matter jurisdiction over this matter.

**B.    Res Judicata**

Defendants argue that this case should be dismissed on *res judicata* grounds because D'Aquin filed a similar suit against Penske in 2016, which the Court dismissed for failure to state a claim.[14] The federal law of *res judicata* applies to federal judgments. *See In re Ark–La–Tex Timber Co.*, 482 F.3d 319, 330 n.12 (5th Cir. 2007) (citing *Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 500 (2001)). A federal claim is barred under *res judicata* when the following elements are met: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, *res judicata* "forecloses relitigation of claims that were or could have been advanced in support of the cause of action on the occasion of the former adjudication." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004).

---

[14]    R. Doc. 15 at 2-4.

To determine whether the two suits involve the same cause of action, the Court applies the "transactional test" stated in the Restatement (Second) of Judgments, § 24. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). Under this approach, the Court asks, "whether the two actions are based on the same 'nucleus of operative facts.'" *Davis*, 383 F.3d at 313 (citations omitted). It is the "nucleus of operative facts" in the first action, rather than the "facts litigated" or the "type of relief requested, substantive theories advanced, or types of rights asserted, [that] defines the claim." *United States v. Davenport*, 484 F.3d 321, 326-27 (5th Cir. 2007) (citation omitted). The determination is a practical weighing of various factors, including "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Davis*, 383 F.3d at 313 (citations omitted). Furthermore, "[i]f the cases are based on the same nucleus of operative facts, the first judgment's preclusive effect extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davenport*, 484 F.3d at 326 (quoting *Petro-Hunt*, 365 F.3d at 395.).

On April 29, 2016, plaintiff filed a complaint in which he brought claims under 42 U.S.C. § 1983 against Penske and twenty-one other defendants.[15] The claim against Penske was based on the same interaction as the complaint in this case, in which police seized a rental truck and brought it to Penske, and "placed Penske in a situation being responsible for anything missing."[16] This suit clearly bars the instant action against Penske. The 2016 lawsuit involved identical parties because Penske was named in the earlier complaint. This Court held that it had jurisdiction in its order granting the motion to dismiss,[17] and the motion to dismiss was a final judgment on the merits. The two suits involve the same cause of action under the transactional test because they arose from the same nucleus of operative fact, namely, the seizure of plaintiff's rental truck and the truck's return to Penske.

The prior lawsuit also bars plaintiff's claims against the other defendants, even though they were not personally named in the earlier complaint, because they are Penske executives who are in privity with the corporate entity. Privity exists in three circumstances: "(1) where the non-party is the successor in interest to a party's interest in property; (2) where

---

[15] Case No. 16-3862, R. Doc. 1.
[16] *Id.* at 4 ¶ 15.
[17] Case No. 16-3862, R. Doc. 41 at 3-4.

9

the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990). Defendants are in privity under the first and second definitions because they either directed the course of the previous litigation or they are successors to the legal interests of the corporation. *See Lubrizol Corp v. Exxon Corp.*, 871 F.2d 1279, 1288 (5th Cir. 1989) (holding that successive suits against employers and employees for the same incident are precluded). *Res judicata* therefore bars plaintiff from bringing a second suit against any defendant about the same incident.

### C. Failure to State a Claim

Even if *res judicata* did not apply to plaintiff's claims, plaintiff's complaint would still be dismissed under Rule 12(b)(6). The Court construes plaintiff's constitutional claims as claims under 42 U.S.C. § 1983. Section 1983 provides a civil remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place under color of state law. *See Doe v. Rains Cty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995). The "under color of state law" requirement means that the defendant in a Section 1983 action must have exercised power "possessed by virtue of state law and made possible only because the

wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). This excludes purely private conduct, no matter how wrongful. *See American Mfrs. Mut. Ins. Co v. Sullivan*, 526 U.S. 40, 50 (1999). A private defendant can only be liable under Section 1983 when he or she acted in concert with state actors or when an agreement existed to deprive the plaintiff of constitutional rights. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004). Conclusory allegations of such conduct are not sufficient to overcome a motion to dismiss. *Id.* (citing *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986)).

Plaintiff has not alleged sufficient facts to show an agreement between defendants and the government that would violate Section 1983. While plaintiff alleges that "[d]efendants had [the] truck confiscated and contents held at Penske Facility"[18] and that that they "forbade him to retrieve"[19] the goods in the truck, these allegations do not indicate that defendants acted under color of state law. Plaintiff does not allege that defendants made an agreement with the New Orleans Police Department to deprive him of his

---

[18] R. Doc. 1 at 1 ¶ 1.
[19] *Id.* at 2 ¶ 3.

property or his rights. Plaintiff's motion must therefore be dismissed for failure to state a claim under Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. The Court dismisses plaintiff's complaint WITH PREJUDICE.

New Orleans, Louisiana, this __20th__ day of November, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE